**James MacArthur WRIGHT, a minor by next friend Sherry Ann Patterson, Appellant,**

v.

**The PRUDENTIAL INSURANCE CO. OF AMERICA, Appellee.**

Supreme Court of Tennessee.

June 6, 1977.

Flynn & Flynn, Hugh F. LaRue, III, Knoxville, for appellant.

Frantz, McConnell & Seymour, Fred H. Cagle, Jr., Knoxville, for appellee.

## OPINION

COOPER, Chief Justice.

This is an action to recover benefits allegedly due under a group policy of life insurance issued by the Prudential Insurance Company pursuant to the terms of the Servicemen's Group Life Insurance Act. 38 U.S.C. §§ 765–779. James MacArthur Wright brought suit by next friend, Sherry Ann Patterson, claiming to be the illegitimate son of Jimmy Ray Wright. Mr. Wright died on March 29, 1972, while a member of the United States Army and while insured under a group policy of life insurance issued by Prudential. The trial judge dismissed the action on motion for summary judgment, holding in effect that Prudential had discharged its liability under the policy by payment of benefits to the insured's parents since no claim was filed within a year of the insured's death by a beneficiary having precedence over the parents. Appellant insists the trial judge erred in holding that Prudential had made payment in compliance with the terms of the policy and with 38 U.S.C. § 770(b), and in failing to apply the statute of limitations set forth in 38 U.S.C. § 784(b). We find no merit in either insistence and affirm the judgment entered in the trial court.

The Servicemen's Group Life Insurance Act authorizes the Administrator of Veterans' Affairs to purchase from private insurance companies group life insurance policies providing benefits specified in the Act for members of the uniformed services who are on active duty. 38 U.S.C. § 766(a). The Act specifies, among other things, the duration and termination of coverage (§ 768) and the designation of beneficiaries and the

manner in which payment is to be made if no beneficiary is designated (§ 770). Specifically, 38 U.S.C. § 770 provides in subsection (a) that the proceeds payable under a policy of Servicemen's Group Life Insurance are payable first to the beneficiary or beneficiaries designated by the serviceman and, if no beneficiary is designated, then to the surviving spouse and, if none, then to the child or children of the insured serviceman and, if none, then to the parents of the serviceman.

Subsection (b) provides that:

"(b) If any person otherwise entitled to payment under this section does not make claim therefor within one year after the death of the member or former member, . . ., payment may be made in the order of precedence as if such person had predeceased the member or former member, and any such payment shall be a bar to recovery by any other person."

The provisions of subsections (a) and (b) are included in Section 8 of the group policy of life insurance issued by Prudential.

The parties stipulated that Jimmy Ray Wright did not name a beneficiary to receive the proceeds of the group policy but, rather, designated that the proceeds should be paid "by law," which means that payment of the proceeds was to be made in the statutory order of precedence established by 38 U.S.C. § 770(a). According to the stipulation of the parties, Jimmy Ray Wright's record of emergency data dated February 28, 1972, indicated he was unmarried, had no children, and that his parents were Mack A. Wright and Lillian I. Wright. On April 25, 1972, Prudential paid the policy proceeds to the parents of the insured.

The parties further stipulated that appellee was born on November 2, 1972. The first demand on behalf of appellee for payment of the policy proceeds was made on August 12, 1975, when Sherry A. Patterson, the natural mother of appellee, wrote Prudential.

■ Under the express terms of § 770(b), set forth above, and Section 8 of the policy of insurance issued by Prudential, appellee's payment of the policy proceeds to the parents of Jimmy Ray Wright, coupled with appellant's failure to make claim for payment within one year of the death of Jimmy Ray Wright, constitutes a bar to appellant's recovery of benefits.

■ Seeking to avoid the literal effect of § 770(b), appellant insists that since appellee paid the insurance proceeds to the parents of Jimmy Ray Wright earlier than one year after their son's death, appellee can not rely on the payment as a bar to appellant's claim. There is nothing in Section 770(b) that requires the insurer to wait one year before paying the policy proceeds in order to rely upon the payment as a bar to recovery by any other person. It states that, if no claim is made within the year by a person who is otherwise eligible, then payment to another eligible beneficiary claiming within the year constitutes a bar to recovery by any other statutory beneficiary who has precedence over the insured's parents, when the beneficiary's claim is filed within the statutorily prescribed one year period. It takes both the payment of benefits and the passage of one year from the date of death of the insured without the filing of a claim by a beneficiary under the Act to discharge appellant's liability under the group policy of life insurance. *Cf. Coomer v. United States,* 471 F.2d 1 (5th Cir. 1973). Here, no claim was filed by a beneficiary other than the insured's parents within the requisite one year period; consequently, payment to the parents was effective to discharge appellant's liability for payment of benefits provided in the group life insurance policy.

■ Appellant also insists that 38 U.S.C. § 784(b)—which provides a six-year statute of limitations and, in the case of persons under legal disability, an additional three years after the removal of the disability in which to bring suit—is applicable to the present action. We disagree. 38 U.S.C. § 784(b), applies by its terms only to actions brought "on yearly renewable term insurance [between the Veterans' Administration and any person or persons claiming thereunder], United States Government life in-

surance, or National Service Life Insurance." Service Group Life Insurance Policies are not included, which is logical—for if § 784(b) was applicable to such policies, it would make § 770(b) meaningless.

Judgment affirmed. Costs incident to the appeal are adjudged against appellant.

FONES, HENRY, BROCK and HARBISON, JJ., concur.